# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JOHN LUCKETT
ADC#116947                                                                              PETITIONER

VS.                                   5:13CV00344 JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                        RESPONDENT

## ORDER

In this § 2254 habeas case, Petitioner argues that his untimely Petition and procedural default should be excused due to mental incapacity from schizophrenia.

Respondent does not dispute that Petitioner is a diagnosed schizophrenic, but counters that the "facts show that [Petitioner] was capable of filing [a timely] habeas petition[.]" *Doc. 9 at 5*. Respondent relies on only one piece of evidence to support its argument: an ADC "Status Assignment Sheet." *Doc. 9-2*. This form shows the dates of Petitioner's various job assignments in the ADC, as well as dates showing when Petitioner was "denied executive clemency." *Id.* Because Petitioner could work in the ADC and apply for executive clemency, Respondent argues that Petitioner has failed to establish equitable tolling. *Doc. 9 at 5.*

Petitioner has filed a number of motions essentially requesting discovery.[1] He requests: (1) his ADC mental health treatment records; (2) the ADC disciplinary file of the inmate who was the victim in Petitioner's underlying murder conviction; and (3) any mental health evaluation that was performed on him prior to the entry of his guilty plea.

In order to evaluate Respondent's statute of limitations argument, and whether Petitioner's alleged incapacity may have influenced him during the time when he should have pursued timely post-conviction relief, the Court concludes that Petitioner' ADC mental health treatment records would be helpful. Thus, the Court will direct Respondent to produce Petitioner's ADC mental health treatment records. All of his other requested discovery will be denied.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's "Motion to Compel" *(doc. 7)*, "Motion to Proceed" *(doc. 12)*, "Motion to Compel" *(doc. 13)*, and "Request for Extension of Time" *(doc. 14)*, which are collectively construed as requests for leave to conduct discovery, are GRANTED, IN PART, and DENIED, IN PART.

2. Within 30 days of entry of this Order, Respondent is directed to file,

---

[1] Pursuant to Rule 6(a) of the Rules Governing § 2254 cases, the Court may, for "good cause," authorize a party to conduct discovery pursuant to the Federal Rules of Civil Procedure. *See also Bracy v. Gramley*, 520 U.S. 899, 904-09 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"; instead, the petitioner must first demonstrate "good cause" before obtaining the court's permission to engage in discovery).

under seal, Petitioner's ADC mental health treatment records. All of Petitioner's other requested relief is DENIED.

Dated this 12th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE